IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Iniobong Ekpo,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**Playa Management USA, LLC, Hyatt Corporation, Playa Hall Jamaican Resort Limited, and Hyatt Ziva,**<br><br>    **Defendants.** | **Civil Action Number:**<br><br>_____ |

# COMPLAINT

Plaintiff files this Complaint against Playa Management USA, LLC ("Playa Management"), Hyatt Corporation ("Hyatt Corp."), Playa Hall Jamaican Resort Limited ("Playa Hall"), and Hyatt Ziva (collectively referred to as "Defendants").

## PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of the United States residing in Decatur, DeKalb County, Georgia, United States.

2. Playa Management is a limited liability company organized under the laws of the State of Delaware, with its principal office in the State of Florida, authorized to do business in the State of Georgia.

1

3. Playa Management conducts substantial business in this district and venue by advertising its hotel and resort accommodations and maintains a registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, United States.

4. Hyatt Corp. is a for-profit corporation organized under the laws of the State of Delaware, with a principal office in the State of Illinois, and authorized to do business in the State of Georgia.

5. Hyatt Corp. conducts substantial business in this district and venue by operating hotels and maintains a registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, United States.

6. Playa Hall is a foreign, profit generating company organized under the law of the Country of Jamaica.

7. Hyatt Ziva is a foreign, profit generating company, owned by Hyatt Corp., and organized under the laws of the Country of Jamaica.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon its diversity jurisdiction because of the diverse citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue of this action is proper in this Court pursuant to 28 U.S.C. §1391 because all known defendants are either aliens or reside, for purposes of venue, in this jurisdictional district.

10. Due the COVID-19 pandemic, this Court is the proper forum for the following reasons:

    a. There is uncertainty about the efficacy, adequacy, and availability of the alternative forum in Jamaica. Unnecessary travel has been restricted because safety concerns and there are various strains of the virus that continues to prevent travel;

    b. The private and public interests weigh in favor of this Court's forum because the discovery process and access to evidence can be conducted largely, if not exclusively, electronically and via Zoom, Microsoft Teams, or a similar videoconferencing platform. The public interests are mitigated by this Court's ability to apply and use Jamaican law, if necessary, and there are little to no administrative concerns; and

    c. There is little to no certainty that Plaintiff would be able to timely reinstate suit without substantial inconvenience and delay because of travel restrictions and virus protocols (in the United States and Jamaica) that could change necessarily and unexpectedly.

## FACTUAL BACKGROUND

11. At all relevant times, Playa Management owned and operated Playa Hall.

12. At all relevant times, Hyatt Corp. owned and operated Hyatt Ziva.

13. At all relevant times Playa Management and Hyatt Corp., by and through their aforementioned and respective subsidiaries owned and operated Playa Hall Jamaican Resorts/Hyatt Ziva Rose Hall Resort ("Rose Hall Resort") located at Rose Hall Road, A1, Montego Bay, Jamaica (the "Premises").

14. At all relevant times Playa Management advertised for, and directed patrons to, Rose Hall Resort.

15. At all relevant times, Hyatt Corp. advertised for, and directed patrons to, Rose Hall Resort.

16. Plaintiff became aware Rose Hall Resort through internet advertisements and electronic and postal correspondence in the United States from Hyatt Corp. and Playa Management.

17. On May 21, 2019 ("Incident Date"), Plaintiff was a paying guest and patron of Rose Hall Resort and was staying on the Premises.

18. On the Incident Date, at the constant request and instigation of Rose Hall Resort's employees, Plaintiff played in a beach volleyball game hosted and controlled by Defendants, by and through the Rose Hall Resort employees.

19. During the beach volleyball game, Plaintiff injured his toe on a jagged rock that was hidden within the sand of the volleyball court.

20. This sharp, jagged rock ("hazardous condition") caused a laceration and partial severance of Plaintiff's right great toe.

21. At all relevant times, Defendants, by and through the Rose Hall employees, had sole and exclusive control over the Premises and knew or should have known about the hazardous condition.

## Negligence

22. Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 21 of this Complaint.

23. On or about the Incident Date, and at all relevant times, Defendants, as the owners, managers, maintainer, possessors, and operators of the Premises, owed to Plaintiff a legal duty of reasonable care to inspect and keep the premises in a safe condition and free of hazardous conditions.

24. At all relevant times, Defendants, individually and through their employees, agents, and contractors, breached their duty of reasonable or ordinary care as follows:

   a. Defendants failed to inspect the premises for the hazardous condition;

      b. Defendants failed to warn patrons and invitees, like Plaintiff, of the hazardous condition that they knew and should have known existed on their premises; and

      c. Defendants failed to remedy and repair the hazardous condition when they knew and should have known they existed.

25. At all relevant times, Defendants, by and through its employees, agents, and contractors had actual and constructive knowledge of the hazardous condition prior to Plaintiff's injury.

26. Under the theory of respondeat superior, Defendants are responsible and liable for the negligent acts and omissions of their employees and agents acting within the scope of their employment.

27. Defendants are responsible and liable for the negligent acts or omissions of their contractors because as the owner, legal possessor, and operator of the premises, Defendants cannot delegate away their duty of ordinary care.

28. As a direct and proximate result of the joint and combined negligent acts by all Defendants, Plaintiff sustained bodily injuries. Plaintiff has incurred damages in excess of $75,000.00.

WHEREFORE, Plaintiff prays for relief as follows:

(a) That the judgment on this Complaint be entered against Defendants;

(b) That Plaintiff recover special damages as proven;

(c) That Plaintiff recover general damages, including pain and suffering, in an amount to be determined by a jury;

(d) That Plaintiff recover costs;

(e) That Plaintiff have such other and further relief as this Court may deem just and proper; and

(f) That all issues be tried by a jury of twelve persons.

This 18th day of May 2021

                                        Respectfully Submitted,

                                        */s/Antonio E. Veal*
                                        Antonio E. Veal
                                        Georgia State Bar No. 460007
                                        veal@ahclaw.com
                                        David R. Cook Jr.
                                        Georgia State Bar No. 435130
                                        cook@ahclaw.com

AUTRY, HALL & COOK, LLP
3330 Cumberland Boulevard
Suite 185
Atlanta, Georgia 30339
Tel: (770) 818-4443
*Attorneys for Plaintiff*