IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INIOBONG EKPO,

    Plaintiff,

    v.

PLAYA MANAGEMENT USA, LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-2089-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendants Playa Management USA, LLC and Hyatt Corporation's Motion to Stay the Proceedings [Doc. 46] and Motion to Dismiss for Forum Non Conveniens [Doc. 54]. For the reasons set forth below, the Motion to Dismiss for Forum Non Conveniens [Doc. 54] is GRANTED and the Motion to Stay the Proceedings is DENIED [Doc. 46] as moot.

I.     **Background**

This case arose when the Plaintiff Iniobong Ekpo injured his toe while playing beach volleyball as a guest at the Hyatt Ziva Rose Hall Resort in Montego Bay, Jamaica. (Compl. ¶¶ 17-20). As explained in this Court's previous Order on the Defendants' Motions to Dismiss for Lack of Personal Jurisdiction, [Doc. 31], the Rose Hall resort is owned by a Jamaican company, Playa Hall Jamaican Resort Limited, which is in turn owned and operated by Playa Management. [Doc. 31 at 2]; (Compl. ¶¶ 6-7, 11-13). Hyatt Corporation

("Hyatt"), one of two remaining Defendants in this matter, is organized under Delaware law, with a principal office in Illinois, and is authorized to conduct business in Georgia. [Doc. 31 at 2]; (Compl. ¶ 4). Playa Management, the other remaining Defendant, is also organized under Delaware law and authorized to do business in Georgia, with a principal office in Florida. [Doc. 31 at 2]; (Compl. ¶ 2).

After the Court denied Defendants Hyatt and Playa Management's Motions to Dismiss for Lack of Personal Jurisdiction, these Defendants moved to stay the proceedings pending the Supreme Court's decision in *Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542 (Pa. 2021), *cert. granted*, No. 21-1168 (U.S. Apr. 25, 2022). [Doc. 46]. The Defendants also moved to dismiss on grounds of forum non conveniens, arguing that the Plaintiff sustained his injury in Jamaica at a resort owned by a Jamaican company, and that all evidence and witnesses to the injury are also located in Jamaica. (Defs. Mot. to Dismiss, at 1, 17-21). Additionally, they argue that the Plaintiff agreed to a forum-selection clause when he became a guest at the Rose Hall Resort which subjected him to suit in Jamaica. (*Id.* at 1, 4-17). Both Motions are presently before the Court.

The Defendants assert that, upon checking into the Rose Hall Resort, the Plaintiff signed a guest registration card containing the following forum-selection clause:

> The undersigned, on behalf of itself and any accompanying individuals staying in the same room (hereinafter the "Guest") by signing this document hereby acknowledges and agrees that all

2

> services provided at the hotel premises are subject to applicable laws and regulations in Jamaica. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations. Guest hereby expressly waives any right to challenge jurisdiction or venue in such courts (or applicable law) due to its current or future place of residence or nationality.

(Utpaul Decl., Ex. A [Doc. 54-4]). The Defendants argue that this forum-selection clause was not hidden from the Plaintiff or ambiguously worded and, therefore, the Plaintiff's agreement to the clause was not fraudulently induced. (Defs.' Mot. to Dismiss, at 7-9). Additionally, the Defendants assert any inconvenience to the Plaintiff from litigating in Jamaica was foreseeable when the guest registration card was signed. (*Id.* at 9). The Defendants also argue that enforcement of the forum-selection clause would not contravene public policy, that the clause is mandatory and covers the Plaintiff's claims, and that the public interest factors favoring enforcing the clause. (*Id.* at 10-17).

The Plaintiff argues that the Defendants waived application of the forum-selection clause by litigating this matter for two years before moving to enforce the clause. (Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss, at 4-7). On that basis, the Plaintiff contends that he would be prejudiced if the Court were to now enforce the forum-selection clause. (*Id.* at 7-9). The Plaintiff also argues that the forum non conveniens factors do not favor dismissal. (*Id.* at 9-14).

## II. Legal Standards

Under federal law, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). There are two types of forum-selection clauses: ones where "the transferee forum is within the federal court system[,]" and those where the transferee court is outside the federal system. *Id.* at 60-61. Though Congress has codified 28 U.S.C. § 1404(a) to manage the former cases, "the residual doctrine of *forum non conveniens* has continuing application" for the latter cases. *Id.* In cases without a forum-selection clause, a court "must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. However, in cases with a valid forum-selection clause, "[t]he calculus changes," and "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (quotation marks and brackets omitted).

A forum-selection clause is due to be invalidated when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of the inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Additionally, the application of a forum-selection clause is subject to waiver. The Court examines the totality of the

4

circumstances to determine whether the moving party's conduct constituted waiver of an otherwise applicable forum-selection clause. *Se. Power Grp., Inc., v. Vision 33, Inc.*, 855 F. App'x 531, 536 (11th Cir. 2021). In undertaking this inquiry, the Court should consider whether the movant's conduct was inconsistent with an intent to invoke the forum-selection clause and whether the movant's conduct prejudiced the non-movant. *Id.* at 535-38. Prejudice can be found where the non-movant incurs unnecessary expense as a result of the movant's litigation conduct or where a late invocation of the forum-selection clause delays the ultimate disposition of the case. *Id.* at 537-38.

### III.  Discussion

The Court will address the Plaintiff's waiver argument before proceeding to the substantive forum non conveniens analysis. The crux of the Plaintiff's argument is that the Defendants acted in a manner inconsistent with the invocation of the forum-selection clause by litigating this matter for nearly two years before moving to dismiss on forum non conveniens grounds. The Court is not persuaded. Despite the passage of time, the only substantive action the Defendants have taken in this litigation is moving to dismiss due to lack of personal jurisdiction, which is of course an argument that the Defendants were required to raise at the first available opportunity. *See* Fed. R. Civ. P. 12(h). The parties then jointly moved for a stay of discovery while the jurisdictional motion was pending, and the Plaintiff served discovery requests on the Defendants before the Defendants moved to stay. The parties

5

then jointly moved for an extension of the discovery deadline in light of the pending Motion to Stay before the Defendants moved to enforce the forum-selection clause. Thus, considering the totality of the circumstances, the Defendants have not acted inconsistently with the intent to invoke the forum-selection clause. *See Power Grp., Inc.*, 855 F. App'x at 536. For the same reasons, the Plaintiff cannot reasonably argue prejudice stemming from delays when he has jointly consented to extensions and stays of discovery throughout the two-year tenure of this case. *See id.* at 537-38. Nor can the cost of defending a single motion and engaging in minimal pleading and discovery practice constitute "unnecessary expense." *See id.*

Next, the forum-selection clause at issue here is valid. The Plaintiff has not argued that his agreement to the forum-selection clause was fraudulently induced and presumes that Jamaica is an adequate alternative forum for resolution of this case. (*See* Pl.'s Br. in Opp. to Mot. to Dismiss, at 9). Instead, he argues only that the private and public interest factors do not favor enforcement of the clause. But the Plaintiff's agreement to a valid forum-selection clause means that the private interest factors weigh entirely in favor of the preselected forum, and the Court must weigh only the public interest factors. *See Atl. Marine Contr. Co., Inc.*, 571 U.S. at 63-64. Accordingly, the Court will afford the forum-selection clause controlling weight unless the Plaintiff can demonstrate that exceptional circumstances with regard to public interest warrant otherwise. *See id.* at 60, 63-64.

Here, the Court finds that the public interest factors warrant dismissal of this action because Jamaica is the more appropriate forum. The parties do not dispute that the same clause at issue also mandates the application of Jamaican law to this dispute, and Jamaican courts are undoubtedly more familiar with Jamaican law than this Court. (Utpaul Decl., Ex. A (stating that "any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations")). Additionally, the Plaintiff sustained his injury while in Jamaica and many, if not all of the witnesses are therefore outside the scope of this Court's subpoena power. Moreover, the Plaintiff has not argued that he will face any administrative hurdles and argues only that it will take longer to resolve his claim if he must reinstitute this action in a Jamaican court. But certainly, the Jamaican courts have a stronger interest in the outcome of litigation involving a popular Jamaican resort than an American court does. Like in *Pappas*, the fact that the Plaintiff would prefer to litigate this dispute in his home country "does not overcome [Jamaica's] undisputed strong interest in the case. *Pappas v. Kerzner Intern. Bahamas Ltd.*, 585 F. App'x. 962, 967 (11th Cir. 2014). For these reasons, the Defendants' Motion to Dismiss for Forum Non Conveniens [Doc. 54] should be granted.

Finally, because the forum-selection clause is enforceable here, the Defendants' Motion to Stay [Doc. 46] should be denied as moot. Notably, regardless of the Supreme Court's ultimate decision in *Mallory v. Norfolk S.*

7

*Ry. Co.*, this Court is authorized to grant a forum non conveniens dismissal. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 436 (2007) ("[W]here subject-matter or personal jurisdiction is difficult to determine, and forum non conveniens considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.").

## IV.  Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss for Forum Non Conveniens [Doc. 54] is GRANTED. Accordingly, the Defendants' Motion to Stay Proceedings [Doc. 46] is DENIED as moot. The Clerk is DIRECTED to dismiss this action, and to close the case.

SO ORDERED, this     11th     day of May, 2023.

THOMAS W. THRASH, JR.
United States District Judge